IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>  vs. )<br>  )<br> JODI CHURCH, )<br>  )<br>  )<br>  Defendant. ) | Case No. 07-CR-10042 |

### DEFENDANT JODI CHURCH'S BRIEF IN SUPPORT OF MOTION TO SET ASIDE MANDATORY MINIMUM SENTENCING PARAMETER

### INTRODUCTION

This Court must rule on a motion filed by Jodi Church ("Church"), a twenty-seven year old first-time offender who stands before it awaiting imposition of sentence. Church faces a 10-year (120-month) mandatory minimum term of incarceration in connection with a single charge of violating Title 18, United States Code, Section 2422(b). Such a mandatory minimum sentence is so grossly disproportionate to the offense committed by this first-time offender as to be not only manifestly unjust, but cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. For this reason, Church respectfully requests that this Court conclude that the mandatory minimum sentence being contemplated is unconstitutional.

### STATEMENT OF FACTS

The criminal conduct at issue involved a single MySpace.Com conversation between a sixteen year-old male and Church on December 9, 2006. Church was charged in

**Vonachen,
Lawless, Trager
& Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

a one count indictment of violating Title 18, United States Code, Section 2422(b) by knowingly using a facility and means of interstate commerce, namely the internet, to attempt to persuade, induce, entice, or coerce someone who had not attained the age of 18 years, to engage in sexual activity for which Church could have been charged with a criminal offense, including the offenses of Aggravated Criminal Sexual Abuse in violation of Illinois Criminal Statute, Chapter 720, Sections 5/12-16(d) and 16(f).  Church pled guilty to the offense on August 17, 2007 and currently awaits sentencing by this Court.

Church is twenty-seven years old and has been diagnosed by Jason V. Dana, Psy. D., a Forensic Studies Unit Psychologist with the U.S. Department of Justice, Federal Bureau of Prisons, as suffering from major depression and substantive abuse involving excessive alcohol consumption and abuse of prescription sedatives.

Dr. Dana reports that Church is the victim of a physically abusive husband.  Dr. Dana documented that Church was sexually abused as a child by a 14 year-old male neighbor on multiple occasions.  Dr. Dana concluded that Jodi Church does not meet the diagnostic criteria for any paraphilia or sexual/gender identity disorder, as her behaviors appear to have been motivated in large part by marital discord and an opportunity to obtain emotional gratification not provided to her by her husband.  <u>See</u> Forensic Report, dated June 28, 2007, authored by Jason V. Dana, Psy. D., Licensed Clinical Psychologist, State of Illinois, Forensic Studies Unit Psychologist, U.S. Department of Justice, Federal Bureau of Prisons, Metropolitan Correctional Center.

Church had no physical contact with the victim, nor was he a student in her classroom.

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

## ARGUMENT

The 10-year mandatory minimum sentence to which Church is subject violates the Eighth Amendment of the United States Constitution in that it amounts to cruel and unusual punishment. Accordingly, the Court should conclude that such a sentence cannot be imposed in this case.

### Church's Proposed Sentence Is Grossly Disproportionate To The Offense For Which She Has Plead Guilty.

The application of the mandatory minimum mechanism to the facts of Church's case is unconstitutional under the Eighth Amendment because the resulting sentence would be grossly disproportionate to the offense for which Church is to be punished. *See Harmelin v. Michigan*, 501 U.S. 957, 997-98 (1991) (Kennedy, J., concurring). Simply put, Church's punishment would not fit the crime, and this Court should not impose such a sentence.

The United States Supreme Court has long held that there is a proportionality component to the Eighth Amendment's cruel and unusual punishment provision. *See Weems v. United States*, 217 U.S. 349 (1910); *see also* U.S. Const. amend. VIII. In *Weems*, the Supreme Court emphasized that "it is a precept of justice that punishment for crime should be graduated and proportioned to offense." *Id*. at 367.

In *Solem v. Helm*, 463 U.S. 277, 284, 290 (1983), the Supreme Court "h[e]ld as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted" and that the Eighth Amendment prohibits "sentences that are disproportionate to the crime committed." In so doing, the Court constructed and engaged in a proportionality analysis under the Eighth Amendment that was to be guided by objective factors. *See id.* at 290-92.

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Under *Solem*, the "gravity of the offense and the harshness of the penalty" were to be considered initially. *Id.* The sentencing court must then "compare the sentences imposed on other criminals in the same jurisdiction." *Id.* at 291. In addition, the court was to "compare the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 291.

After *Solem*, the Supreme Court declared that the Eighth Amendment contains a "narrow proportionality principle" applicable to "noncapital sentences" (*Harmelin*, 501 U.S. at 996-97 (Kennedy, J., concurring)) and forbids "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (quoting *Solem*, 463 U.S. at 288). While the preliminary focus was on the nature of the crime and its relation to the punishment imposed, Justice Kennedy noted in his *Harmelin* concurrence that "intrajurisdictional and interjurisdictional analyses" are appropriate when the "threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1005.

In the case before this Court, Church respectfully submits that the proposed mandatory minimum sentence is grossly disproportionate to the offense committed based on the *Harmelin* test outlined in Justice Kennedy's concurrence (*see Harmelin*, 501 U.S. at 996-97 (Kennedy, J., concurring)) and that the Court must engage in a proportionality analysis. The determination of whether a sentence violates the Eighth Amendment should be based on the facts of the case.

A.    Church's Offense And The Contemplated Penalty

Preliminarily, this Court should compare the gravity of the offense to the harshness of the contemplated penalty to determine if the penalty would be grossly disproportionate

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

to such offense. In weighing the gravity of the offense, the Court should consider the defendant's criminal history (*see Ewing*, 538 U.S. at 29), as well as "the harm caused or threatened to the victim or society, and the culpability of the offender." *Solem*, 463 U.S. at 292-294. Simply put, "[d]isproportionality analysis measures the relationship between the nature and number of offenses committed and the severity of the punishment inflicted upon the offender." *Id.* at 288.

First, Church has no prior adult criminal convictions or juvenile adjudications. *See* PSR ¶ 27-28. She is simply not the repeat offender with a track record of not conforming to societal standards as was the case with the defendants in the *Rummel*, *Solem*, *Ewing* and *Andrade* cases. To the contrary, not only does Church have no criminal history, she has not even had so much as a prior arrest. *See* PSR ¶ 31.

Second, the sentence-triggering criminal conduct, or the nature of the offense, must be examined. Here, on one occasion, Church had a single conversation via the internet in which she contemplated sex with a sixteen-year-old male. The charge itself designates that this was an *attempted* enticement of minor to engage in sexual conduct. There was no actual physical contact between Church and the victim, and he was not a student in her classroom. Church certainly did not engage in force or violence or threats thereof, and the offense did not injure any person. It is well-established that nonviolent crimes are less serious than crimes marked by violence or the threat of violence (*see Solem*, 463 U.S. at 292-93) and that the absence of violence affects the strength of society's interest in punishing a particular criminal. *See Rummel*, 445 U.S. at 275.

Third, Church's culpability is a crucial consideration. Church is a young woman battling depression and desperate for affection, who herself was a victim of abuse. Her

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

actions were not those of a callous sexual predator, but rather a grievous error in judgment by a troubled young woman. Even so, Church has affirmatively accepted responsibility for her actions. *See* PSR ¶ 13. Her intent, clear from the record, was never to act in a violent manner or to inflict bodily injury on anyone. The proposed sentence is certainly not "necessary either to deter other persons or to isolate a potentially violent individual." *See Rummel*, 445 U.S. at 302 (Stevens, J., dissenting).

Finally, this Court should consider the severity of the punishment to be inflicted upon Church. As Justice Breyer has observed, the length of a prison term in "real time," or the amount of time that an individual is likely to actually to serve in prison, must be considered. *Ewing*, 538 U.S. at 37-43 (Breyer, J., dissenting). Church, who is twenty-seven years old, is facing a mandatory minimum sentence of 10 years (120 months) in prison in connection with only a single-charge indictment.

For the foregoing reasons, this Court should make a threshold determination that Church's proposed sentence would be grossly disproportionate to her committed offense and proceed to consider the two additional *Harmelin* factors.

B.    Intrajurisdictional Review

The next *Harmelin* factor involves an intrajurisdictional analysis, comparing Church's contemplated sentence with sentences imposed on other criminals in the same jurisdiction. Generally, "[i]f more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive." *Solem*, 463 U.S. at 291.

In this case, Church is set to receive a sentence (120 months) comparatively harsher than the sentences given to offenders of far more serious crimes. For instance, under the

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

federal sentencing scheme, a person who has no prior felony drug convictions that is convicted of manufacturing or distributing at least 100 grams, but less than 1 kilogram, of a mixture containing heroin faces merely a 5 year mandatory minimum sentence. In order for that individual to be eligible for a 10-year mandatory minimum, he or she would have had to have been previously convicted of a <u>felony</u> drug offense. *See* 21 U.S.C. § 841(a) and (b)(1)(B). Because Church is "treated in the same manner as, or more severely than, criminals who have committed far more serious crimes" (*Solem*, 463 U.S. at 299), this Court should conclude that this second factor has been satisfied.

### C. Interjurisdictional Review

The final consideration under *Harmelin* is the interjurisdictional comparison, by which the Court compares Church's proposed sentence with sentences imposed for the commission of the same offenses in other jurisdictions. In this regard, the federal law punishes the instant offenses much more severely than the Illinois statutes that would be used, in combination, to prosecute the same offense:

1. *Aggravated Criminal Sexual Abuse* in violation of Illinois Criminal Statute, Chapter 720, Sections 5/12-16(d) and 16(f); and,
2. *Attempt* in violation of Illinois Criminal Statute, Chapter 720, Section 5/8-4.

In the State of Illinois, Aggravated Criminal Sexual Abuse is categorized as a Class 2 felony; however, if it were prosecuted as an "attempt," the imprisonment range (if imprisonment was even imposed) would be that of a Class 3 felony – 2 to 5 years. A first time offender would be eligible for probation.

In other words, under Illinois law, Church would be eligible for probation, and at most, would face a 2 to 5 year term of imprisonment. Under the federal mandatory minimum sentencing requirement, the Court must impose on Church a 10-year prison

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

sentence, unless the court should deem the mandatory minimum sentence to be unconstitutional.

Because a sentence that exceeds those for comparable offenses in other jurisdictions lends credence to the view that such a sentence is unconstitutionally disproportionate (*see Rummel*, 445 U.S. at 300), this Court should conclude -- with this third factor now satisfied -- that Church's proposed sentence of 10 years would be grossly disproportionate to the committed offenses in violation of the Eighth Amendment and should impose a proportionate and more fair sentence.

## **CONCLUSION**

For the foregoing reasons, twenty-seven year old and first-time offender Jodi Church respectfully requests that the Court hold that the proposed 10 year mandatory minimum sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

JODI CHURCH, Defendant,

By:     /s/ MARK E. WERTZ
         MARK E. WERTZ

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served on the following named:

Thomas Keith
U.S. Attorney's Office
Peoria, IL

by electronically filing and forwarding copies thereof to the above-named on this 4th day of February, 2008.

/s/ MARK E. WERTZ

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986