## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-10042 |
| JODI CHURCH, | ) |
| Defendant. | ) |

### MEMORANDUM OF LAW IN RESPONSE TO COURT ORDER
### OF FEBRUARY 4, 2008

NOW COMES the United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Thomas A. Keith, Supervisory Assistant United States Attorney, and for its memorandum of law in response to this Court's Order of February 4, 2008, states as follows:

### BACKGROUND

The defendant, Jodi Church, was indicted by the grand jury for knowingly using a means of interstate commerce to entice or persuade a minor to engage in sexual conduct with her (or attempting to do so) in violation of 18 U.S.C. § 2422(b). She pleaded guilty to that offense.

Her relevant conduct not only includes the defendant's attempt to solicit a minor (one of her students) to engage in sexual conduct with her, but also includes her actually having sexual relations with another one of her students that commenced in the summer of 2006 after the defendant offered the student a ride home from school. During this ride, the defendant performed oral sex on the student in the defendant's vehicle. The relationship, for lack of a better term, evolved into the defendant, a teacher, having sexual intercourse with the student.

Now the defendant, through her attorney, is challenging the mandatory minimum sentence of 120 months' imprisonment called for by 18 U.S.C. § 2422(b).  She argues that the mandatory minimum sentence of 120 months' imprisonment is "grossly disproportionate" to her crime.  The defendant's challenge is not meritorious.

## RELEVANT LAW AND ARGUMENT

In *Ewing v. California*, 538 U.S. 11, 20 (2003), a plurality of the Supreme Court recognized "a 'narrow proportionality principal' that 'applies to noncapital sentences.'" (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J. concurring)).  Based on *Ewing*, this Court's task is to ascertain whether the defendant's case is "the rare case in which a threshold comparison of the crime committed and the sentence leads to an inference of gross proportionality."  *Id.* (citation omitted).

The Supreme Court has admonished reviewing courts that "successful challenges to the proportionality of particular sentences should be exceedingly rare."  *Id.* at 22 (citation omitted). The Court's precedent in this area demonstrates just how exceedingly rare such successful challenges are.  *See id.* at 28 (affirming sentence of 25 years to life for felony grand theft of three golf clubs under a three strikes law); *Harmelin*, 501 U.S. at 961 (affirming life in prison without possibility of parole for first time offender for possession of 672 grams of cocaine); *Hutto v. Davis*, 454 U.S. 370, 370-71 (1982) (no constitutional error in two consecutive terms of 20 years in prison for possession with intent to distribute and distribution of 9 ounces of marijuana); *Rummel v. Estelle*, 445 U.S. 263, 265-66, 285 (1980) (upholding life in prison without the possibility of parole under three strikes law where final offense was obtaining $120.75 by false pretenses and the loss amount of the two prior fraud felonies was $80 and $28.36, respectively).

Under this precedent, it is clear that the defendant's case is not the "exceedingly rare" case in which comparison of the gravity of her offense to the alleged harshness of the 120-month mandatory minimum leads to an inference of gross disproportionality. The defendant's offense is quite serious. Using her position of trust with one of her students and a forum (My Space) commonly used by hundreds of thousands, if not millions, of minor children in the United States, the defendant solicited sex from the student. Similarly, and more graphically, this teacher engaged in a sexual relationship with another student for a substantial period of time.

Legislative history shows the purpose of 18 U.S.C. § 2422(b) was to equip law enforcement with the tools necessary for combating internet child predators. *See* H.R. Rep. No. 105-557, at 678 (1998) ("As we usher in the computer age, law enforcement will be confronted with even newer challenges. The 'Child Protection and Sexual Predator Punishment Act' seeks to address those challenges by providing law enforcement with the tools it needs to investigate and bring to justice those individuals who prey on our nation's children.").

The defendant's crime and conduct fall squarely within the purpose of § 2422(b), and there is simply nothing about her offense or case that should cause this Court to conclude that the mandatory minimum sentence of 120 months' imprisonment is grossly disproportionate.[1] See, *United States v. Polk*, F. Supp.2d 89 (D.Me. 2007); *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005) (same).

---

[1] The Tenth Circuit rejected this argument in an unpublished opinion, *United States v. Cunningham*, 191 Fed. App. 670, No. 05-8077 (10th Cir. 2006).

## CONCLUSION

WHEREFORE, the United States respectfully requests this Court reject the defendant's argument that the mandatory minimum sentence of 120 months' imprisonment leads to an inference of gross disproportionality.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        RODGER A. HEATON
        UNITED STATES ATTORNEY

By:    /s/Thomas A. Keith
        Supervisory Assistant United States Attorney
        One Technology Plaza
        211 Fulton Street, Suite 400
        Peoria, Illinois 61602
        Tel: 309-671-7050
        Fax: 309-671-7259

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2008, I filed the foregoing memorandum of law with the Clerk of the Court using the CM/ECF system, which will cause notice to be sent to Mark A. Wertz, attorney for the defendant.

/s/Margo L. Scamp
Legal Assistant